1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                            WESTERN DIVISION
11

| | |
|---|---|
| TOTO RECORDING, INC., a California corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>FRONTIERS RECORDS SRL, an Italian limited liability company,<br><br>         Defendant. | Case No.  CV-12-01394-DSF (JCx)<br><br>Hon. Dale S. Fischer, District Judge<br><br>Hon. Jacqueline Chooljian, Mag. Judge<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 8, 11 AND 13]** |
| FRONTIERS RECORDS SRL, an Italian limited liability company,<br><br>         Counterclaim-Plaintiff,<br><br>vs.<br><br>TOTO RECORDING, INC., a California corporation,<br><br>         Counterclaim-Defendant. | |

# STIPULATED PROTECTIVE ORDER

The Court, finding that the proposed Stipulated Protective Order requested by the parties is proper and desirable in the circumstances of this case, and good cause appearing therefor, hereby orders as follows pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. The following definitions shall apply to this Protective Order:

    (a) "Confidential Information" shall mean and refer to any documents, information, testimony, transcripts or other tangible things (hereinafter "Materials") that have not been made public, and the disclosure of which may cause harm to the person or entity from which the Materials are obtained, including but not limited to Materials that are considered in good faith to constitute or contain trade secrets (as defined in California Civil Code § 3426.1), confidential information and/or proprietary business or technical information by the party designating such Materials as Confidential Information. A designation of any Materials as Confidential Information by a party or third party shall constitute a certification to the Court and to the parties to the action that such Materials are believed in good faith to be confidential within the meaning of this Protective Order.

    (b) "Qualified Persons" shall mean and refer to persons entitled to view or receive Confidential Information pursuant to this Protective Order, and is expressly limited to:

        i. Counsel for any party to the action and their personnel, including paralegals, clerical staff, secretarial staff and other support personnel;

        ii. The parties to this action, including their respective agents, managers, accountants, officers, employees, shareholders and/or in-house counsel.

    iii. Any persons who are authors, addressees or prior recipients as set forth on the face of Materials designated as Confidential Information;

    iv. Expert witnesses or consultants retained or employed by the parties or their respective attorneys for purposes of this action who have complied with paragraph 2 below, and the personnel of such expert witnesses or consultants;

    v. Any court presiding over this action and court personnel;

    vi. Court reporters, stenographers and videographers who are retained to transcribe or videotape any depositions in this action and have complied with paragraph 2 below;

    vii. Any arbitrators or mediators who are assigned or retained to preside over any proceedings in this action and have complied with paragraph 2 below, and the personnel of such arbitrators or mediators;

    viii. Third-party witnesses at any deposition or other pre-trial proceeding in this action whose testimony necessitates the disclosure to the witness of Confidential Information during the course of such testimony, and who have complied with paragraph 2 below;

    ix. Third-party witnesses who produce, whether voluntarily or pursuant to subpoena or court order, any Materials they deem to constitute or contain Confidential Information, and who have complied with paragraph 2 below;

    x. Professional vendors that provide litigation support services, including but not limited to photocopying, videotaping, translation and preparation of exhibits or demonstrations, who have complied with paragraph 2 below; and

    xi. Such other persons as the parties may designate by written stipulation.

2. Prior to receiving Materials designated as Confidential Information, all Qualified Persons identified in Paragraphs 1(b)(iv), (vi), (vii), (viii), (ix) and (x) shall be provided with a copy of this Protective Order and shall sign the Declaration and Acknowledgment attached hereto as **Exhibit A**.

3. The production of any Materials during discovery in this action shall be without prejudice to any claim by any party that such Materials constitute Confidential Information, and no party shall be deemed to have waived the right to designate such Materials as Confidential Information after such production occurs.

4. Whenever, during the course of discovery in this matter, a party or non-party is requested or required to disclose Materials that it considers to constitute or contain Confidential Information, that party shall designate such Materials as Confidential Information at or before the time of disclosure by marking the Materials as such, placing some other similar designation thereon, or indicating in some other appropriate fashion that the Materials are subject to this Protective Order.  A party's or third party's inadvertent failure to designate Materials as Confidential Information shall not operate as waiver of that party's or third party's right to subsequently designate such Materials as Confidential Information.

5. All transcripts of depositions taken in this case shall automatically be treated as Confidential Information for a period of 20 days after receipt of the transcript.  This 20-day period will begin to run the day after the transcript is received by counsel for the party defending the deposition, and will conclude at the end of the 20th consecutive day (including weekends and holidays).  During this 20-day period, or during any pending deposition proceeding, any party or third-party deponent may designate a deposition transcript, or any portion thereof, as Confidential Information.  If any deposition transcript, or any portion thereof, is not designated as Confidential Information during the deposition proceeding or by the

expiration of this 20-day period, that transcript or portion shall no longer be treated as Confidential Information.

6.  Materials designated as Confidential Information shall be treated in accordance with the terms of this Protective Order and shall be used by the parties, their respective agents and any other persons to whom such Materials may be disclosed only for purposes of litigating, prosecuting, or defending against this action only, and for no other purposes.  Nothing in this Protective Order shall prevent or limit the ability of any party or third party to disclose Materials designated as Confidential Information that such party or third party lawfully obtained independent of discovery in this action, whether or not such Materials are also obtained through discovery in this action.

7.  If a party to this action or its counsel is served with a subpoena requiring production of any Materials designated as Confidential Information, counsel for the party receiving the subpoena shall so notify counsel for the designating party in writing within five (5) court days.  The parties agree that the designating party shall have five (5) court days after receiving notice of a subpoena requiring production of Materials designated as Confidential Information to object to the subpoena or seek other appropriate relief.  If a motion to quash the subpoena is timely filed by the designating party, the subpoenaed party shall not produce the Materials designated as Confidential Information until required to do so pursuant to court order, or unless required to do so by other applicable law.

8.  Any Materials designated as Confidential Information that are filed with the Court shall be submitted for filing in a sealed envelope bearing the designation "Confidential: Subject to Protective Order," together with a proposed order, and shall otherwise comply with the requirements of Local Rule 79-5 and all applicable orders of the Court.  See, e.g., Paragraph 6 of Standing Order for Cases Assigned to Judge Dale S. Fischer.   If the Court denies an application to file under

seal Materials designated as Confidential Information, the filing party shall be permitted to file such Materials unsealed.

9. If a party inadvertently produces or discloses Materials designated as Confidential Information, or any Materials that are subject to a claim of attorney-client privilege, common interest privilege or work-product immunity, the producing party shall, upon discovering the error, promptly notify the receiving party of the same. The receiving party shall immediately return to the producing party all copies of such Materials, and shall return or destroy all excerpts and summaries thereof. The return of such Materials shall not constitute an admission or concession, or permit any inference, that the returned Materials in fact constitute or contain Confidential Information or are subject to a claim of attorney-client privilege, common interest privilege or work product immunity, or constitute a waiver of the returning party's right to challenge such designations. The inadvertent disclosure of any Materials subject to the attorney-client privilege, common interest privilege or work product immunity shall not be deemed a waiver of any such privileges or immunities, or a waiver of any party's right to challenge such privileges or immunities.

10. The parties' agreement to enter into this Protective Order is not consent or admission regarding the confidentiality of any Materials. Should any party seek to challenge the designation of any Materials as Confidential Information, that party may object to the designation. The designating party must then move the Court for an order approving such designation and concluding that the Materials are governed by the provisions of this Protective Order. The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of a Confidential Information designation from any Materials.

11. Within sixty (60) days after the termination of this action and the expiration of the time for appeal or the final determination of any appeals, all originals and copies of any Materials designated as Confidential Information,

except those in the custody of the court/court personnel, shall either be destroyed or returned to the party who produced such Materials at the option of the Producing Party. In the event that the Materials are destroyed rather than returned, a letter to that effect shall be provided to counsel for the designating party.

12. This Protective Order shall be without prejudice to the rights of the parties to present a motion to the Court, pursuant to Federal Rule of Civil Procedure 26(c), for a separate protective order as to any document or information imposing restrictions differing from those specified herein.

13. This Protective Order is intended to govern the exchange and use of Materials during discovery, trial preparation, and post-trial proceedings. Questions regarding the use of Materials designated as Confidential Information during hearings and during the trial in this action will be addressed by the Court at a later time, as the Court deems appropriate.

14. This Protective Order may be enforced by an order of specific performance, as well as any claim for damages. Nothing in this Protective Order abridges the right of any party or third party to seek to add to or modify the terms of this Protective Order in the future.

**IT IS SO ORDERED.**

Dated: November 30, 2012    By:    /s/
                                    Hon. Jacqueline Chooljian
                                    United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury under the laws of the United States that I have read and understand the Stipulated Protective Order that was entered by the United States District Court for the Central District of California in the case of *Toto Recording Inc. v. Frontiers Records Srl*, Case No. CV 12-1394-DSF (JCx) ("Action"). I agree to comply with and to be bound by all the terms of the Stipulated Protective Order ("Order"), and I understand and acknowledge that my failure to comply with the terms of the Order could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California (or, if there is no federal jurisdiction, in the State Courts of California, located in Los Angeles County), for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after the termination of the Action.

Name: _____

Date: _____

Signature: _____

City and State Where Sworn and Signed: _____